*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

*UNITED STATES OF AMERICA* )
)
*v.* ) *No. 2:15-cr-24-JDL*
)
*MANUEL J. ARRUDA,* )
)
*Defendant* )

*MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL*

The defendant has moved for appointment of his previously-retained attorney as his counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(a). ECF No. 8. Judge Levy granted the motion, but only for purposes of a hearing held on February 20, 2015, *see* ECF No. 6, and referred the motion to me for further inquiry and ruling. I now grant the motion, but only under the conditions described below.

I.   **Factual Background**

The defendant retained Attorney Matthew K. Libby to represent him in January 2014 in connection with an investigation being conducted by federal law enforcement authorities. Letter dated March 10, 2015, from Matthew K. Libby to Magistrate Judge John H. Rich III ("March 10 letter"). In December 2014, when it became apparent that federal criminal charges against the defendant were imminent, the defendant and Attorney Libby amended their representation agreement and agreed on a new retainer. *Id*. The defendant has only been able to pay a portion of that amount.

The defendant was laid off on January 18, 2015. Motion at 2. On February 20, 2015, he filed a financial affidavit (ECF No. 6) that demonstrated that he qualified for appointed counsel. Since February, the defendant obtained part-time employment and then, more recently, the defendant obtained full-time employment at a salary of $577 per week before taxes. Letter dated March 30, 2015, from Matthew K. Libby to Magistrate Judge John H. Rich III ("March 30 letter"). Because the defendant's Financial Declaration lists weekly expenses well in excess of his weekly salary, ECF No. 6, I agree with his counsel's contention that, even though fully employed, the defendant "is still eligible for court appointed counsel under the CJA." March 30 letter at 1.

## II.     Discussion

The appointment of counsel under the CJA is for persons who are "financially unable to obtain adequate representation[.]" 18 U.S.C. § 3006A(a). The CJA requires the court to conduct an "appropriate inquiry" into the financial status of a defendant who seeks appointed counsel, 18 U.S.C. § 3006A(b), and the defendant bears the burden of proving financial inability. If the court finds that the defendant is financially unable to obtain adequate representation, the court may appoint the attorney whom the defendant has retained "as the interests of justice may dictate." 18 U.S.C. § 3006A(c). The purpose of the CJA is "to protect indigent defendants and not to provide compensation in whole or in part for appointed counsel." *Tyler v. Lark*, 472 F.2d 1077, 1080 (8th Cir. 1973). Here, as noted, I find that the defendant is financially unable to obtain adequate representation, despite having secured full-time employment.

When a retained attorney depletes the retainer and seeks to represent the defendant as CJA counsel, this court may either deny the motion for appointment as CJA counsel and require counsel

to continue under the terms of the previously agreed-to retainer or, alternatively, determine that continued representation under the CJA is appropriate.[1]

The government, through the Assistant United States Attorney who is prosecuting this case, has stated its preference that Attorney Libby continue to represent the defendant should he be found eligible for appointment of counsel. Motion at 4. At this relatively late date in the criminal proceeding, the benefits of continuity of representation outweigh any values to be served by appointment of new counsel to represent the defendant. *See generally United States v. Gutierrez*, Criminal Action No. 4:12-cr-261, 2014 WL 975593, at *1-*2 (S.D. Tex. Mar. 11, 2014).

Where, as here, this court determines that continued representation under the CJA is appropriate, this court will generally require the attorney to:

1. Account for the time spent to date by converting the amount of the retainer into hours spent at the CJA rate;
2. Explain why the converted number of hours were necessary for the representation; and
3. Provide some basis for determining that the interests of justice dictate that the retained attorney be appointed in lieu of appointing new counsel.

Attorney Libby has provided information *ex parte* that satisfies each of these requirements.

Accordingly, I appoint Attorney Libby to represent the defendant *nunc pro tunc* to the beginning of this criminal proceeding. Attorney Libby is directed to report all of the time that he has spent on the case on a CJA 20 voucher form. He is reminded that payments in excess of the CJA statutory maximum are permitted only when justified in writing with an explanation of how the case was "extended" and/or "complex," and why the excess payment if "necessary to provide fair compensation." 18 U.S.C. § 3006A(d)(3). When this case is at an end, payments previously

---

[1] The dual options of either denying the motion or requiring that counsel make the aforementioned showing were discussed by the court at an administrative meeting held on March 7, 2013.

made by the defendant to Attorney Libby will be deducted from the total due to Attorney Libby at the applicable CJA hourly rate.

### III.   Conclusion

For the foregoing reasons, the defendant's motion for appointment of counsel under the Criminal Justice Act is **GRANTED**, on the conditions set forth above.


Dated this 15th day of June, 2015.

>  /s/  John H. Rich III
>  John H. Rich III
>  United States Magistrate Judge